IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOUIS JAMES THIBODEAUX,

        Plaintiff,        Civil No. 05-1409-AA

        v.                ORDER

BRIAN BELLEQUE, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, in inmate at the Oregon State Penitentiary, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by removing him from a work assignment and searching his cell because of his race and failing to provide eye surgery and dark glasses.

1 - ORDER

Defendants' now move to dismiss (#48) on the ground that plaintiff did not exhaust his administrative remedies with respect to his claims herein.

The PLRA, 42 U.S.C. § 1997e(a), requires that inmates exhaust all remedies prior to filing a 42 U.S.C. § 1983 action. Woodford, et al. v. Ngo, 126 S.Ct. 2378, 2006 U.S. Lexis 4891 (June 22, 2006); Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). In order to exhaust remedies, an inmate must appeal an adverse grievance decision to the highest level within the grievance system. Wyatt v. Terhune, supra; Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Defendants contend: "Plaintiff filed only one grievance prior to filing the instant complaint related to issues raised in his complaint. Plaintiff filed a grievance form on February 28, 2005 complaining that he was sent to OSP in August 2003 for eye surgery and did not receive the surgery. (Ex. 101, Bales, PP. 10) Grievance Coordinator Aaron Bales denied plaintiff's grievance as untimely because it was submitted past the 30 day deadline required by the

2 - ORDER

administrative rules. *Id.*"

The record reflects that plaintiff did not file any grievance with respect to his claim that defendants failed to provide him with dark glasses and that claim is dismissed.

However, defendants argument with respect to the eye surgery grievance is not entirely accurate based on the present record before the court.

The grievance form submitted by plaintiff dated February 20, 2005 states:

"1. List in detail all the reasons for your grievance (What is the problem? When did it happen - date/time/place?)."

Plaintiff responded:

"My Medically necessary eye surgery. Since I've been sent to O.S.P in August 2003. My medical file can support my grievance. The person to be questioned is Health Services Managers Cahal and Randall. Also Ms. Cox and Ms. Barbara Dover. I followed the correct procedures needed to have the funds even [secure ?] Dr. Longs Office which Ms. Dover contacted that office which later on refused to perform my surgery." (sic)

3 - ORDER

The form further inquires:

"2. List any action(s) you have already taken to informally resolve the grievance? ... .:

Plaintiff's responded:

"Since August 2003 I've talked to Health Services Managers Cahal & Randall - Cox and Dover on going also a Doctor Degner to have my eye surgery done."

Plaintiff's grievance was denied on February 28, 2005 on the ground:

" Grievance submitted out of acceptable time frame. Per Grievance Rules, 'If the grievance is not an emergency as defined in the definition section of this rule, this form must be filled out within 30 days of the incident. Appeals must be filed 14 calendar days of the date of the receipt.'"

Defendants' argument that plaintiff was "sent to OSP in August 2003 *for* eye surgery and did not receive the surgery" implies that August 2003 was the date of the "incident" giving rise to plaintiff's claim. This is apparently the rational behind Grievance Coordinator Bale's denial of the claim. However, I find that such an interpretation does not accurately reflect the facts of record.

There is no clear date of an "incident" giving rise to

4 - ORDER

plaintiff's claim and the denial of plaintiff's grievance on that ground was not reasonable. If either party could establish a specific date that surgery was recommended and/or "refused" it would establish a reasonable "incident" date for purposes of the rule's 30 day limitations period. However, that information, if it exists, is not before the court.

A reasonable interpretation of the record is that plaintiff had an ongoing dialog with medical personnel about his need for eye surgery - which is the required "first step" of the grievance procedure. However, there is nothing in the record indicating a specific date that such surgery was ever recommended or refused pursuant to plaintiff's attempts to "informally resolve" the issue. Under these circumstances I find that Mr. Bales reliance on the 30 days time limit to deny plaintiff's grievance as untimely was not warranted.

The exhaustion of remedies issue with respect to plaintiff's appeal of the denial of his grievance is also problematic because the record indicates and defendants apparently acknowledge that plaintiff did not receive the February 28, 2005 denial of his grievance until March 16, 2006, after the 14 day limit in which to appeal had expired.

Exhaustion of administrative remedies serves two

5 - ORDER

important purposes. First, exhaustion protects "administrative agency authority" by giving the agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and discouraging "disregard of [the agency's] procedures." McCarthy v. Madigan, 503 U.S. 140, 145 (1992). Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court.. "and even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration. ibid; These important purposes can only be accomplished if the grievance procedure actually affords the inmate a reasonable opportunity to resolve his complaint without resort to litigation. That does not appear to have happened in this case.

The record suggests that there may have been other valid reasons to deny plaintiff's grievance and/or to deny plaintiff's claims in this case. However, the Grievance

6 - ORDER

Coordinator's reliance on the 30 day limitations period and defendants' reliance on the exhaustion of remedies defense is not justified under the record before the court.

In Defendants' Reply to Defendants' Motion to Dismiss #61) defendants withdraw their argument that plaintiff failed to exhaust his administrative remedies with regard to removal from his work assignment and the cell search. Defendants acknowledge that "Plaintiff filed discrimination complaints on these issues, however they were returned unprocessed because he could not provide any evidence of discrimination. While plaintiff could have resubmitted the complaints with new information, he could not seek review of the unprocessed complaints."

Defendants have argued no other ground in support of the motion to dismiss plaintiff's discrimination claim except failure to exhaust. Therefore I construe the request to withdraw the failure to exhaust argument as a request to withdraw the motion to dismiss plaintiff's discrimination claim.

Based on the foregoing, defendants' Motion to Dismiss (#48) is allowed as to plaintiff's claim that he was not provided dark glasses and denied in all other respects.

7 - ORDER

Plaintiff's Motion for Summary Judgment (#62) was stayed by Order (#79) pending the Supreme Court's ruling in <u>Woodford v. Ngo.</u> I take judicial notice that a decision in that case has been rendered. Accordingly, defendant's are allowed 60 days from the date of this order to file a response to plaintiff's motion or to file other dispositive motions.

DATED this 20 day of December, 2006.

*Ann Aiken*
Ann Aiken
United States District Judge

8 - ORDER