IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOUIS JAMES THIBODEAUX,

        Plaintiff,        Civil No. 05-1409-AA

        v.                ORDER

BRIAN BELLEQUE, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff has filed a "Motion for Temporary Restraining Order to Show Cause why Preliminary should not issue" (sic) (#169). Plaintiff's motion is unclear as to what specific relief he seeks, but he generally alleges that defendants have harassed and retaliated against him for exercising his First Amendment rights.

    The relevant factors for determining whether a preliminary injunction should issue were canvassed by the

1 - ORDER

Ninth Circuit in <u>United States v. Odessa Union Warehouse</u>, 833 F.2d 172, 174 (9th Cir. 1987):

> "The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. <u>Dollar Rent A Car of Washington Inc. v. Travelers Indemnity Company</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. <u>Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers</u>, 584 F.2d 308, 314-15 (9th Cir. 1978), <u>cert</u>. <u>dismissed</u>, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. <u>Oakland Tribune Inc. v. Chronicle Publishing Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on

2 - ORDER

the merits is the critical standard in determining the propriety of preliminary relief. <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

Based on defendants' Motion for Summary Judgment (#62) and Supplemental Brief (#81), I find that plaintiff has failed to establish the likelihood of a "fair chance of success" on the merits of his underlying claim.

Plaintiff's motion for preliminary injunctive relief (#169) is denied.

IT IS SO ORDERED.

DATED this   20   day of October, 2009.

                                        s/ Ann Aiken
                                        Ann Aiken
                                        United States District Judge

3 - ORDER